Tucker, P.
I am of opinion that this judgment should be affirmed. There can be no doubt, indeed, that the action having been brought upon a bond taken to the plaintiff, was an action in his own right, although he is styled executor in the bond; and therefore it is equally true that technically the declaration should have been in the debet as well as the detinet. Whether the omission to declare in the debet, however, be even a sufficient cause of special demurrer, is not so clear. Upon the examination of the authorities (as far as they are in our possession) cited by counsel here, and also in *606 the case of Wilson v. Hobday, 4 Maule & Selw. 120. I have found no case in which judgment has been given against the plaintiff for such an error, even upon special demurrer. In Gilbert on the action of debt 401. indeed, the omission is considered fatal in the action against the heir: but this may rest upon the peculiar character of the action, in which the plaintiff seeks to charge the heir with the debt of his ancestor by reason of assets descended, and is therefore held strictly to set forth his indebtedness. Be this as it may, as there is no case which is ad idem, I feel not at all disposed to extend these unsubstantial objections farther than I am compelled by authority to sustain them. The spirit of our legislation is against them, and the courts should imbibe that spirit. Happily, we are sustained on the present occasion by the decision of the courts of Westminster of a recent date, which we are in the.habit of respecting, if we do not look upon them as binding authority. In the case of Wilson v. Hobday, just cited, the declaration was oh a bond from the defendant to the assignors of the plaintiff, and was in the detinet only. The defendant demurred specially, and lord Ellenborough gave judgment for the plaintiff. He took a very just distinction between declaring in the debet and detinet, where the party ought to have declared in the detinet only, and declaring in the detinet only, where he ought to have declared in the debet and detinet. In the former case he extends his demand, which he has no right to do. In the latter he abridges it, which he has a right to do. Thus in devastavit against an executor, the plaintiff may declare in the debet and detinet both; yet if he declares in the detinet only, it is not bad, but he shall only have judgment de bonis testatoris. Spotswood v. Price, 3 Hen. & Munf. 123. For if the plaintiff may charge the executor in the debet, so as to make him liable de bonis propriis, surely (say the court in Hope v. Bague, 3 East 2.) he may waive part of his right, and charge him in the *607 detinet only, so as to entitle himself to the lesser judgment de bonis lestatoris. And of this opinion the court had been in the very early case of Royston v. Cordrye, All. 42. cited by Lawrence, J. in 3 East 6.
■ It may be said, perhaps, that in this case there is nothing waived by the plaintiff, since, if he gets a judgment at all, be must have the same judgment as if he had declared in the debet as well as the detinet. But so was the case of Wilson v. Hobday, and yet the plaintiff had judgment. Indeed the very objection furnishes its own answer; for if, from the nature of the case, the plaintiff waives no part of his demand by omitting to declare in the debet, it only proves that he sufficiently and fully sets forth his own right and the defendant’s wrong, by declaring in the detinet only, and charging him with unjustly detaining the sum which he demands that he shall render to him. I am of opinion to affirm the judgment.
The other judges concurring, judgment affirmed.